CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Martin Vogel**, | **Case No.** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **CP Lyons Station SC LLC**, a Delaware Limited Liability Company; **Southern California Pizza Company, LLC**, a Delaware Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Martin Vogel complains of CP Lyons Station SC LLC, a Delaware Limited Liability Company; Southern California Pizza Company, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a T3 paraplegic who cannot walk and who uses a wheelchair for mobility.

1

Complaint

2.   Defendant CP Lyons Station SC LLC owned the real property located at or about 23430 Lyons Avenue, Newhall, California, in November 2018.

3.   Defendant CP Lyons Station SC LLC owns the real property located at or about 23430 Lyons Avenue, Newhall, California, currently.

4.   Defendant Southern California Pizza Company, LLC owned Pizza Hut located at or about 23430 Lyons Avenue, Newhall, California, in November 2018.

5.   Defendant Southern California Pizza Company, LLC owns Pizza Hut located at or about 23430 Lyons Avenue, Newhall, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

Complaint

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Pizza Hut in November 2018 to eat.

11. Pizza Hut is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Pizza Hut.

13. Even though there were parking spaces marked and reserved for persons with disabilities next to Pizza Hut during Plaintiff's visit, the parking stalls and access aisle were not level with each other because there was a built up curb ramp running into the access aisle.

14. This curb ramp caused slopes greater than 2.1%.

15. Meanwhile, even though there were other parking spaces marked and reserved for persons with disabilities who drive vans in the other parts of the shopping center, those parking spaces did not serve Pizza Hut. There were no accessible route from those parking spaces to the Pizza Hut entrance. If plaintiff used the other parking spaces marked and reserved for persons with disabilities in the shopping center, he would have to travel behind parked cars or travel with cars in the vehicular drive paths to make it back to Pizza Hut. This is not accessible for plaintiff.

16. Currently, the parking stalls and access aisle are not level with each other.

17. Currently, there is no accessible route from the van parking spaces on the other parts of the property that leads back to Pizza Hut.

18. Restrooms are another one of the facilities, privileges, and advantages

3

offered by Defendants to patrons of Pizza Hut.

19. The restroom door, at the exit, consisted of a front approach to the pull side of a swinging door but there was only a few inches of clearance to the strike side of the door because of a trash can located inside the restroom.

20. The toilet stall was improperly configured and too small for wheelchair users, measuring 43 inches in width and 184 inches in depth.

21. There was no clear floor space in front of the disposable toilet seat cover dispenser because it was mounted on the wall behind the toilet.

22. Currently, the restroom door consists of a front approach to the pull side of a swinging door but there is only a few inches of clearance to the strike side of the door because of a trash can.

23. Currently, the toilet stall is improperly configured and too small for wheelchair users, measuring 43 inches in width and 184 inches in depth.

24. Currently, there is no clear floor space in front of the disposable toilet seat cover dispenser because it is mounted on the wall behind the toilet.

25. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

26. Plaintiff personally encountered these barriers.

27. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

28. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous

Complaint

alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

30. For example, there are numerous paint/stripe companies that will come and stripe a level parking stall and access aisle and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

31. Plaintiff will return to Pizza Hut to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

32. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the

5

Complaint

privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. *Id.* No more than a 1:48 slope is

6

permitted. 2010 Standards § 502.4.

36. Here, the failure to provide level parking near Pizza Hut is a violation of the law.

37. Under the ADA, there must be an accessible route from accessible parking spaces to the building entrances they serve. 2010 Standards § 206.2.1. If a parking space serves more than one accessible entrance, it must be located on an accessible route to the accessible entrances. 2010 Standards § 208.3.1.

38. Here, there were no accessible routes from the van parking spaces on the property to Pizza Hut entrance.

39. Where a toilet stall is provided in a restroom in existing facilities, the size and arrangement of the standard toilet stall must be at least 60 inches wide by 56 inches deep. 2010 Standards § 604.3.1.

40. Here, the toilet area does not comply and is in violation of the law.

41. Clear floor space that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. 2010 Standards § 309.2.

42. Here, the failure to provide such floor space is a violation of the law.

43. When the entrance (or exit) requires a front approach to the pull side of a swinging door, there must be a minimum of 18 inches clear floor space to the strike side of the doorway. 2010 Standards § 404.2.4.1.

44. Here the failure to provide that strike side clearance in the restroom is a violation.

45. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

46. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily

Complaint

1   accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

2   47. Here, the failure to ensure that the accessible facilities were available

3   and ready to be used by the plaintiff is a violation of the law.

4

5   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

6   **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

7   Code § 51-53.)

8   48. Plaintiff repleads and incorporates by reference, as if fully set forth

9   again herein, the allegations contained in all prior paragraphs of this

10  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

11  that persons with disabilities are entitled to full and equal accommodations,

12  advantages, facilities, privileges, or services in all business establishment of

13  every kind whatsoever within the jurisdiction of the State of California.  Cal.

14  Civ. Code §51(b).

15  49. The Unruh Act provides that a violation of the ADA is a violation of the

16  Unruh Act.  Cal. Civ. Code, § 51(f).

17  50. Defendants' acts and omissions, as herein alleged, have violated the

18  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

19  rights to full and equal use of the accommodations, advantages, facilities,

20  privileges, or services offered.

21  51. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

22  discomfort or embarrassment for the plaintiff, the defendants are also each

23  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

24  (c).)

25

26

27

28

Complaint

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 17, 2018        CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

Complaint